**In re Blaine A. AMOS, Jamie L. Amos, Debtors.**

**No. 00–72995.**

United States Bankruptcy Court,
C.D. Illinois.

Jan. 26, 2001.

John S. Narmont, Springfield, IL, for Debtors.

Arnold G. Kaplan, Chicago, IL, for Centex Home Equity Corp.

John H. Germeraad, Petersburg, IL, for Chapter 13 Trustee.

## OPINION

LARRY LESSEN, Bankruptcy Judge.

This matter is before the Court for confirmation of Debtors' Chapter 13 Plan and the objection thereto filed by Centex Home Equity Corporation ("Centex"). The issue is whether § 1322(c)(2) of the Bankruptcy Code permits the bifurcation of a claim secured solely by a mortgage on Debtors' principal residence when a mortgage foreclosure has been commenced and has accelerated the mortgage prior to the filing of the petition in bankruptcy.

On September 25, 2000, Debtors filed their voluntary petition pursuant to Chapter 13 of the Bankruptcy Code. On their Schedule A (Real Property), Debtors listed an ownership interest in a residence situated at 519 East Monroe Street, Girard, Illinois ("the residence"). Debtors valued their interest in said property at $77,500. On their Schedule D (Creditors Holding Secured Claims), Debtors listed Centex as having a mortgage on the residence in the amount of $88,900. In their Chapter 13 Plan, Debtors proposed to pay Centex through the Chapter 13 Trustee the sum of $568.67 per month, based upon a value of $77,500 for 30 years at 8 percent interest per annum. On October 10, 2000, Centex filed its proof of claim totaling $97,640.02, including a pre-petition arrearage of $10,038.75. The proof of claim was filed as fully secured. A meeting of creditors and a confirmation hearing were scheduled for October 27, 2000. Centex

was given notice of the meeting and of the hearing but did not appear. Debtors' Chapter 13 plan was approved at the hearing, and a confirmation order was requested. However, before an order of confirmation was presented to and entered by the Court, Centex filed its objection to confirmation. One of the bases of Centex's objection is that Debtors are prohibited by § 1322(b)(2) of the Bankruptcy Code from cramming down Centex's mortgage.

The Court scheduled Centex's objection to confirmation for hearing, and a hearing was held on December 4, 2000. Centex argued that Section 1322(b)(2) of the Bankruptcy Code clearly prohibits Debtors from cramming down a first mortgage on their residence which is secured by no other collateral and which does not come due, by its own terms, within the course of the proposed Chapter 13 plan. Debtors argued that Centex is estopped from opposing confirmation at this stage because it failed to raise a timely objection at or prior to the confirmation hearing. Specifically, Debtors point to the following language in the hearing notice sent to creditors and sent to Centex:

> **Objections to confirmation MUST be filed with the clerk no fewer than 3 days before the confirmation hearing.** Objectors MUST appear at the meeting of creditors and the confirmation hearing. If no objections to confirmation are timely filed, the Court may enter an order confirming the plan under the terms set forth in the plan or as modified by agreement of the parties. **The filing of a proof of claim does not constitute an objection to confirmation and will not prevent a creditor's claim from being modified pursuant to the terms set forth in the Chapter 13 plan.**

Debtors also argued that, because a foreclosure action had already been commenced by Centex, the mortgage on the residence had been accelerated and was now due. Accordingly, the mortgage is due and can be modified under Section 1322(c)(2) of the Bankruptcy Code.

■ With respect to Debtors' first argument, Debtors would have most likely prevailed had the order of confirmation been entered prior to receipt of Centex's objection. However, in spite of the above notice language, the Court's practice has been to consider objections to confirmation which are filed before a Chapter 13 case has been confirmed. Said objections are not automatically entitled to be heard; the notice language ensures that. However, in cases such as this one, where the objector raises an argument that the Debtors' plan essentially undermines a provision of the Bankruptcy Code, the Court may and will consider the merits of such an objection.

■ Section 1322(b)(2), referred to as the anti-modification provision, provides that, subject to the other subsections of § 1322, a Chapter 13 plan may:

> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. . . .

Under § 506(a) of the Bankruptcy Code, a claim may be bifurcated into secured and unsecured components. Addressing the interplay between these two provisions in *Nobelman v. American Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228, the U.S. Supreme Court held that a partially secured claim on real property that is the debtor's principal residence could not be bifurcated.

■ During the year after the *Nobelman* decision was rendered, Congress passed the Bankruptcy Reform Act of 1994, which became effective on October 22, 1994, and of which § 1322(c)(2) was a part. A number of courts have decided that the enactment of § 1322(c)(2) created an exception to the rule set forth in *Nobelman. See In re Reeves,* 221 B.R. 756 (Bankr.C.D.Ill.1998); *In re Eubanks,* 219 B.R. 468 (6th Cir. BAP 1998). However, that exception is quite limited and would

permit a debtor to bifurcate an unsecured mortgage claim on the debtor's principal residence only in instances where the last payment on the original payment schedule is due before the final payment under the Chapter 13 plan is due. The filing of a mortgage foreclosure does indeed accelerate the mortgage, as Debtors assert. However, § 1322(c)(2) applies, by its own specific language, only where "the last payment on the original payment schedule" is due before the last plan payment is due. Where the statute's language is plain, the inquiry should end, as the role of the courts is to enforce a statutory provision according to its terms. *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), on remand, 872 F.2d 778 (6th Cir. 1989). The last payment on the original payment schedule is not due before the last payment of the proposed plan is due in this case, so the § 1322(c)(2) exception to § 1322(b)(2) anti-modification provision does not apply. *See In re Rowe*, 239 B.R. 44 (Bankr.D.N.J.1999) (§ 1322(c)(2) does not apply to a long-term mortgage that, but for debtors' pre-petition default and acceleration, would by its terms have extended beyond the plan; phrase "last payment on the original payment schedule" as used in the statute referred to original mortgage note and not to foreclosure judgment, which could not be paid under the plan.) Moreover, this Court is not aware of any other court which has extended § 1322(c)(2) to cases where the filing of a mortgage foreclosure has accelerated the mortgage. Even if such non-binding authority were to exist, this Court would be disinclined to follow it and instead follow *Rowe* for reasons set forth above. For these reasons, Centex's Objection to Confirmation is sustained. Debtors are given 21 days to file an Amended Chapter 13 Plan consistent with this Opinion.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS HEREBY ORDERED that the Objection to Confirmation of Debtors' Chapter 13 Plan filed by Centex Home Equity Corporation be and is hereby sustained.

IT IS FURTHER ORDERED that Debtors be and are hereby given 21 days from the date of this Order to file an Amended Chapter 13 Plan consistent with the Court's Opinion entered this date.